UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

GEORGE MARCIAL,

Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _10/4/2022_____

22 Cr. 208 (AT)

**<u>ORDER</u>**

ANALISA TORRES, District Judge:

Defendant, George Marcial, appeals the detention order issued by the Honorable Stewart D. Aaron on August 23, 2022. Appeal, ECF No. 30; *see also* ECF No. 22; Aug. 23, 2022 Tr., ECF No. 24. For the reasons stated below, Marcial's request for an additional bail hearing is DENIED and Judge Aaron's order is AFFIRMED.

I.    <u>Background</u>

On July 3, 2021, Marcial and his partner, Nicole Sosa, had an argument in their apartment during which Marcial threw a fan and a lamp at Sosa, which cut her face. Compl. ¶¶ 3–4, ECF No. 1; Appeal at 1. He then pushed Sosa onto a table and applied pressure to her neck, causing her to have difficulty breathing. *Id.* Sosa left the apartment with their two children. Compl. ¶¶ 3–4. Both Marcial and Sosa called 911, Sosa claiming that she had been assaulted and Marcial alleging that Sosa was improperly leaving with their children. Appeal at 1–2. Police responded and found the apartment empty with the door open. Compl. ¶ 4. Police then learned Marcial and Sosa were arguing on a street corner a few blocks away. *Id.* Sosa told police that Marcial had injured her and stated that Marcial kept a gun in their apartment. *Id.* Police arrested Marcial and took Sosa and her children back to the apartment, where Emergency Medical Services examined Sosa. *Id.*

A few hours later, police officers called Sosa, consistent with the New York Police Department's standard practice with victims of domestic violence involving access to firearms. *Id.* ¶ 5. Sosa stated that her children were no longer in the apartment and that she had found a magazine and bullets. *Id.* Police told her not to touch anything and asked if they could come to the apartment. *Id.* Sosa agreed, consented to a search of the apartment, and signed a consent-to-search form. *Id.* Police found ammunition in the bedroom as well as a firearm in a milk crate in the living room. *Id.* The firearm does not have a serial number and appears to be privately manufactured, otherwise known as a "ghost gun." *Id.* ¶ 6. Police also found a spent shell casing in the firearm. *Id.* Forensic testing of the gun revealed a mixture of at least three people's DNA on the gun and that Marcial is a likely contributor to the mixture. Appeal at 2 n.2.

On July 5, 2021, in Bronx County Criminal Court, Marcial was arraigned on charges of criminal possession of a weapon in the third degree, criminal possession of a firearm, criminal possession of a weapon in the fourth degree, possession of ammunition, assault in the second degree, assault in the third degree, criminal mischief in the fourth degree, and aggravated harassment in the second degree. Gov't Opp. at 2, ECF No. 33; Appeal at 2. The court also issued an order of protection in favor of Sosa. Appeal at 2. Marcial posted bail and relocated to Staten Island. *Id.*

On February 23, 2022, New York City's Administration of Children's Services ("ACS") filed a case against Marcial in Bronx County Family Court. *Id.* at 3. Marcial is currently allowed daily family-supervised visitation with his children. *Id.* On May 20, 2022, the parties consented to an adjournment in contemplation of dismissal in Family Court. *Id.* Marcial must continue his family-supervised visits and attend parenting classes until November 18, 2022, when the matter will be dismissed. *Id.*

On March 10, 2022, Marcial was arrested by federal authorities and charged with being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g), in connection with the events of July 3, 2021. *Id.* At his presentment, the Honorable Sarah Netburn released Marcial on conditions including home detention, a personal recognizance bond, drug testing, and moving his methadone treatment from the Bronx to Staten Island. *Id.*; *see also* ECF No. 4. In April 2022, the state charges against Marcial were dismissed and the order of protection was vacated. Appeal at 3. On April 15, 2022, Marcial was arraigned by the Honorable Ona T. Wang. *Id.*; ECF No. 9. Between his release and arraignment, Marcial violated the terms of his release approximately eighteen times. Gov't Opp. at 3. At his arraignment, Judge Wang modified Marcial's bail conditions to eliminate home detention, impose a curfew, require that Marcial not return to his and Sosa's apartment in the Bronx, and allow Marcial to remain with his methadone treatment program in the Bronx. *Id.*; Appeal at 3; *see also* ECF No. 9.

On June 30, 2022, Marcial appeared for a bail review hearing before Judge Aaron and requested that his curfew be eliminated. Appeal at 4; *see also* ECF No. 14. Between his April 15, 2022 arraignment and the June 30, 2022 hearing, Marcial violated the terms of his release approximately fifty times, including by violating curfew, failing drug tests, failing to report to Pretrial Services, and failing to report for drug treatment. Gov't Opp. at 3; Appeal at 4. Judge Aaron denied Marcial's request and gave him a final chance to comply with his conditions of release. Appeal at 4; June 30, 2022 Tr. 28:2–20, ECF No. 26. Judge Aaron allowed Marcial to continue drug treatment at the program of his choosing rather than the program recommended by Pretrial Services. Gov't Opp. at 4.

On August 23, 2022, Judge Aaron held another bail review hearing. Appeal at 4. Between the June 30, 2022 hearing and the August 23, 2022 hearing, Marcial violated the terms of his

release approximately twenty times, including by returning to Sosa's neighborhood.  Gov't Opp. at 4.  Judge Aaron ordered Marcial remanded.  *Id.*; Appeal at 4.  On September 15, 2022, Marcial appealed Judge Aaron's detention order.  *See* Appeal.

II.     Legal Standard

A district court reviews *de novo* a magistrate judge's decision to release or detain a defendant.  *See United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985); *United States v. Jones*, 566 F. Supp. 2d 288, 289–90 (S.D.N.Y. 2008).  In reviewing such a decision, the district court "may rely on the record of the proceedings before the magistrate judge."  *United States v. Fox*, No. 22 Cr. 53, 2022 WL 1420780, at *3 (W.D.N.Y. May 5, 2022) (citation omitted), *aff'd*, No. 22-1043, 2022 WL 2564600 (2d Cir. July 8, 2022).

Under the Bail Reform Act, a defendant shall be detained if "no condition or combination of conditions will reasonably assure the[ir] appearance . . . as required and the safety of any other person and the community."  18 U.S.C. § 3142(e)(1).  A defendant released under § 3142 who subsequently violates a condition of release "is subject to a revocation of release, an order of detention, and a prosecution for contempt of court."  18 U.S.C. § 3148(a).  Following a hearing, a court "shall enter an order of revocation and detention" if: (1) there is either (a) probable cause to believe that the defendant committed a federal, state, or local crime while on release, or (b) clear and convincing evidence that the defendant has violated any other condition of release; and (2) either (a) based on the factors set forth in 18 U.S.C. § 3142(g), there is no condition or combination of conditions of release that will assure the defendant will not flee or pose a danger to any other person or the community, or (b) the defendant is unlikely to abide by any condition or combination of conditions of release.  18 U.S.C. § 3148(b).  The factors set forth in 18 U.S.C. § 3142(g) are: (1) the nature and circumstances of the offense charged, including whether the offense is a crime

of violence; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of danger to any person in the community posed by the defendant's release.  Revocation determinations under 18 U.S.C. § 3148(b)(2) are made using the preponderance of the evidence standard.  *See United States v. LaFontaine*, 210 F.3d 125, 134 (2d Cir. 2000); *United States v. Gotti*, 794 F.2d 773, 778 (2d Cir. 1986).

III.   <u>Application</u>

Having considered Marcial's arguments on appeal, the Government's opposition, three violation reports from Pretrial Services dated June 21 and 29 and August 8, 2022, and the arguments made by counsel at the August 23, 2022 hearing, the Court AFFIRMS Judge Aaron's detention order.

Judge Aaron found that 18 U.S.C. § 3148(b)(1)(B) was satisfied because Marcial did not contest that he violated the conditions of his release.  Aug. 23, 2022 Tr. 18:8–19:3.  The Court agrees.  There is ample evidence that Marcial has repeatedly violated several conditions of his release, and Marcial admits as much in his appeal.  Appeal at 4.  Judge Aaron also determined that 18 U.S.C. §§ 3148(b)(2)(A) and (B) were satisfied.  Aug. 23, 2022 Tr. 19:3–21:19.  The Court agrees.

A.  Section 3148(b)(2)(A): Danger to the Community

Judge Aaron concluded that the Government showed by a preponderance of the evidence that Marcial is a danger to the community given the nature and circumstances of the offense and Marcial's criminal history.  Aug. 23, 2022 Tr. 21:11–17 (citing Gov't Mot. at 5, ECF No. 18).  The circumstances of the offense include that: Marcial assaulted Sosa in the presence of their children and with an operable firearm in the home; there was an operable firearm kept within reach of children; there was a spent shell casing in the firearm, suggesting the firearm had recently been

5

discharged; and the firearm is an untraceable "ghost gun."  Gov't Mot. at 5.  Marcial has three

prior felony convictions: attempted conspiracy in the second degree on April 2, 2012; criminal

possession of a weapon in the third degree on November 17, 2015; and knowingly introducing

dangerous contraband into prison in the first degree on April 19, 2016.  Compl. ¶ 8.

The Court agrees with Judge Aaron that § 3148(b)(2)(A) is satisfied.  First, firearm

possession poses a significant danger to the community.  *See United States v. English*, 629 F.3d

311, 315, 322 (2d Cir. 2011).  Second, Marcial has a significant criminal history, including a

conviction for a crime similar to the offense charged.  *See United States v. Arau*, No. 21 Cr. 570,

2022 WL 409318, at *3 (S.D.N.Y. Feb. 9, 2022); *Jones*, 566 F. Supp. 2d at 291.  Third, Marcial's

continued use of narcotics despite being engaged in a treatment program shows that he is a danger

to himself and the community.  *See United States v. Ortiz*, No. 19 Cr. 198, 2020 WL 2539124, at

*1 (S.D.N.Y. May 19, 2020).

Fourth, there is substantial evidence in the record that Marcial poses a danger to Sosa.

Marcial contends that this is not so because Sosa has since recanted her allegations of assault and

because the assault charges in state court were dismissed.  Appeal at 7–8.  But, "the government

is not limited to the charges in the indictment when seeking a remand . . . pending trial," and there

is considerable evidence tying Marcial to the assault.  *Arau*, 2022 WL 409318, at *3.  There is

police body camera footage from the day of the assault showing Sosa was visibly shaken and

capturing Sosa's assault allegations.  Gov't Opp. at 6.  And, the state assault charges were not

dismissed for lack of evidence; rather, the prosecution decided not to pursue its case because the

Government chose to move forward with federal charges.  *Id.*  Moreover, despite being warned

repeatedly to stay away from his and Sosa's apartment, Marcial has continued to return to the

neighborhood.  *Id.* at 4.

Finally, the fact that a firearm was found in Marcial's home in a location accessible to his young children suggests that Marcial's behavior poses a danger to his children. *Id.* at 6. Marcial argues that the adjournment in contemplation of dismissal filed in Bronx County Family Court, as well as the court's allowance of family-supervised visits, shows that he is not a danger to his children. Appeal at 8. But, that is not dispositive, and the Government has shown by a preponderance of the evidence that Marcial kept a firearm in a home with small children, which poses a danger to those children. *Arau*, 2022 WL 409318, at *4.

Marcial contends that the evidence against him is weak, which weighs in favor of pretrial release. *See* Appeal at 2 & n.2. However, even if Marcial may ultimately be able to launch a successful defense, "this does not necessarily mean that the Government's case against [him] is weak." *United States v. Parker*, 65 F. Supp. 3d 358, 365 (W.D.N.Y. 2014). And, consideration of the weight of the evidence against the defendant is considered the least important of the § 3142(g) factors. *Jones*, 566 F. Supp. 2d at 292; *United States v. Fama*, No. 13 Cr. 234, 2013 WL 2467985, at *3 (S.D.N.Y. June 7, 2013). Therefore, the balance of the § 3142(g) factors weighs in favor of detention under § 3148(b)(2)(A).

### B. Section 3148(b)(2)(B): Unlikely to Abide by Conditions of Release

Judge Aaron found that Marcial is unlikely to abide by any condition or combination of conditions of release because Marcial has repeatedly committed violations in the five months since his release. Aug. 23, 2022 Tr. 20:10–22. At the June 30, 2022 bail review hearing, Judge Aaron told Marcial, "[t]his really is [your] last chance; and if it happens again, if the violations continue, opiate use and/or not abiding by the curfew or violating any of the conditions, I will be detaining [you]." *Id.* 20:22–21:4; June 30, 2022 Tr. 28:2–20. The disposition sheet for the June 30, 2022 hearing states that "[b]ail conditions as previously set shall continue. If [Marcial] violates, this

Court shall order remand."  Aug. 23, 2022 Tr. 21:4–8; *see also* ECF No. 14.  Based on these warnings and Marcial's continued violations, Judge Aaron concluded that Marcial is unlikely to abide by any court-imposed conditions.  Aug. 23, 2022 Tr. 21:8–11.

The Court agrees.  "The sheer number of [Marcial's] violations is sufficient to establish that [he] 'is unlikely to abide by any condition or combination of conditions of release.'"  *United States v. McGriff*, No. 21 Cr. 383, 2022 WL 504459, at *3 (E.D.N.Y. Feb. 18, 2022) (quoting 18 U.S.C. § 3148(b)); *see also Ortiz*, 2020 WL 2539124, at *2.  Marcial has committed approximately ninety violations in five months, despite multiple warnings from Pretrial Services and the Court, and despite multiple adjustments to the conditions of his release to assist him in his compliance. This is sufficient to demonstrate that Marcial is unable or unwilling to abide by any condition or combination of conditions of release.

Marcial contends that Judge Aaron failed to consider an alternative to detention, namely that Marcial could attend an inpatient drug treatment program followed by continued outpatient treatment.  Appeal at 5–6.  However, Pretrial Services discussed inpatient treatment at least four times with Marcial, most recently on August 12, 2022, and Marcial consistently declined.  Aug. 23, 2022 Tr. 10:19–11:3.  There is no evidence that Marcial will engage with and comply with treatment.  *See Ortiz*, 2020 WL 2539124, at *2.  Thus, the Court finds that Marcial is unlikely to comply with any condition or combination of conditions of release such that detention is appropriate under § 3148(b)(2)(B).

Accordingly, Marcial's appeal of Judge Aaron's order of detention is DENIED.  The Clerk

of Court is directed to terminate the motion at ECF No. 18.

SO ORDERED.

Dated: October 4, 2022
       New York, New York

_____
ANALISA TORRES
United States District Judge