| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>UNITED STATES OF AMERICA,<br><br>            -against-<br><br>GEORGE MARCIAL,<br>                              Defendant. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: __2/4/2023__<br><br>22 Cr. 208 (AT)<br><br>**ORDER** |

ANALISA TORRES, District Judge:

On January 31, 2023, the Court held a final pretrial conference (the "FPTC"). Dkt. Entry 1/31/2023. On February 1, 2, and 3, 2023, Defendant filed motions regarding the admissibility of particular out-of-court statements, ECF Nos. 64–66, which the Court shall address in turn.

   I.   Motion for Reconsideration

Defendant moves for reconsideration of the Court's ruling at the FPTC on the admissibility of statements made by Defendant's wife (the "Wife") and their daughter (the "Daughter") to law enforcement on July 3, 2021 (the "street corner statements"), on the ground that certain of these statements are unduly prejudicial. ECF No. 61. The Government argues that the street corner statements are admissible under Federal Rule of Evidence 803(1)–(2), and their probative value is not outweighed by a danger of unfair prejudice. ECF No. 63.

Defendant's motion for reconsideration is GRANTED in part, and DENIED in part. The street corner statements, starting with the Daughter saying, "Can you help, please?" through the Wife's statement, "That's my husband," and an officer's response, "Okay," are admissible under Federal Rule of Evidence 803(1)–(2), and are not unduly prejudicial. The Wife's subsequent statements, from "My husband has a drug problem," through "you could ask my landlord," are inadmissible because they do not fall under Rule 803(1) or 803(2). The Wife's next statements, from "He destroyed my entire house," through "He went into her room—" are admissible under Federal Rule of Evidence 803(1)–(2), and are not unduly prejudicial. The Wife and Daughter's statements, from "He went into my room . . ." to "He threw a lamp when she was trying to cover me and the baby," are precluded, because the danger of unfair prejudice outweighs their probative value. The statements made after Defendant was placed under arrest are precluded because they do not fall under Rule 803(1) or 803(2). Finally, the Wife's responses to officers asking for consent to search are admissible under Rule 803(3), except that the following statements in the Wife's response to the first request for consent are inadmissible as unduly prejudicial: "He doesn't even f— work. All he does is f— do drugs. He takes all my f— money, since I was f— pregnant. It's not fair."

   II.   Motion to Allow Evidence Under Fed. R. Evid. 806

Defendant moves for an order permitting him to introduce the Wife's statements made during an interview with the Administration of Child Services (the "ACS") regarding the events

of July 3, 2021, under Federal Rule of Evidence 806. ECF No. 64. Defendant contends that the Wife's failure to mention the ammunition when speaking to the ACS caseworker amounts to an omission that is inconsistent with her statements to responding officers on July 3, 2021. *Id.* at 2. The Government argues that the Wife's statements to ACS were not made "in circumstances in which that [omitted] fact naturally would have been asserted." ECF No. 67 at 1 (alteration in original) (quoting *Jenkins v. Anderson*, 447 U.S. 231, 239 (1980)).

Defendant's motion is DENIED. The statements Defendant seeks to use are an ACS caseworker's notes which memorialize a conversation with the Wife. *Id.* at 2. These notes are neither a record of all of the questions put to the Wife by the caseworker nor of the Wife's responses, and do not show that the Wife was asked a question which would naturally have elicited a response regarding the ammunition. Therefore, the ACS statements cannot reasonably be interpreted to be inconsistent with the Wife's prior statements to law enforcement.

### III. 911 Call Stipulation

Defendant requests that the Court admit a stipulation stating that "George Marcial called 911 on July 3, 2021 at approximately 11:01 a.m. The call lasted for approximately five minutes and fifty seconds." ECF No. 65 at 1. Defendant argues this evidence is relevant to the Wife's state of mind at the time she made her statements to responding officers. *Id.* at 1–2. The Government states that it is prepared to stipulate to the fact that Defendant called 911, the time and place the call was made, and the fact that the Wife was aware of the call. ECF No. 67 at 3. The Government's proposed stipulation reads: "George Marcial called 911 on July 3, 2021, at approximately 11:01 a.m. The call was placed from Watson Avenue between Pugsley Avenue and Olmstead Avenue in the Bronx. [The Wife] was aware that Mr. Marcial placed the call." *Id.* at 3, n.4. The Government contends that the length of Defendant's call is irrelevant to the Wife's state of mind, and that there is no evidence the Wife knew the length of Defendant's phone call. *Id.* at 3. The Government further argues that the length of the 911 call is not relevant to any issue at trial, and that allowing such evidence would invite speculation from the jury. *Id.* at 3–4.

Defendant's motion is GRANTED in part, and DENIED in part. The Government's proposed stipulation is approved. Evidence as to the fact that Defendant called 911, the time and place of the call, and the fact that the Wife was aware of the call, is admissible. Evidence of the length of the call shall not be admitted.

### IV. "Domestic Violence" Motion

Defendant asks the Court to preclude the Government from using the terms "domestic violence," "assault in progress," and "strangulation" on the ground that these terms are unduly inflammatory and irrelevant to the charged offense. ECF No. 66 at 1–2. Defendant also requests that a limiting instruction be delivered at the time the Government introduces the Wife's 911 call statements and the Wife and Daughter's street corner statements. *Id.* at 2–3. The Government contends that the police officers the Government will call as witnesses use the terms "domestic violence" and "assault in progress" routinely in their official roles, that the use of these terms is not more inflammatory than the 911 call statements or the street corner statements, and that the

2

use of the term "domestic incident" would be inaccurate. ECF No. 67 at 5. The Government also states that it does not oppose a limiting instruction, but proposed an instruction with different wording than that proposed by Defendant. *Id.* at 4.

Defendant's motion is GRANTED. The Government is precluded from using the specified terms. The Government shall instead use the term "domestic incident." And, the Court shall deliver the following limiting instruction when the Wife's 911 call and the Wife and Daughter's street corner statements are introduced into evidence: "You have heard recordings of statements that [the Wife] made to a 911 dispatcher and statements that [the Wife] and her daughter made to responding police officers in connection with a domestic incident. Mr. Marcial is only charged with possession of ammunition. He is not charged with any other offense. It is for you to decide what weight, if any, to give these statements. You may consider the statements only for the limited purpose of determining whether Mr. Marcial knowingly possessed ammunition on July 3, 2021."

The Clerk of Court is directed to terminate the motions at ECF Nos. 46, 54, 59, 64–66.

SO ORDERED.

Dated: February 4, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge