```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

                -against-

GEORGE MARCIAL,

                                Defendant.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: _2/8/2023_

22 Cr. 208 (AT)

**ORDER**

ANALISA TORRES, District Judge:

The Court has reviewed Defendant's motions, ECF Nos. 75–76, and the Government's response, ECF No. 77. The Court shall address each motion in turn.

Objection to Instruction on Joint Possession

On December 16, 2022, the parties filed a joint request to charge. ECF No. 42. The Government included a jury instruction on joint possession nearly identical to that proposed by the Court. *See id.* at 13–16. Defendant did not object to the instruction as a whole, but rather, proposed additional language that he argued would "give a complete and accurate landscape of the law surrounding joint possession." *Id.* at 15 n.3. The Court adopted Defendant's proposed language. *See id.* at 13–16; Trial Tr. at 417:7-11.

This morning, Defendant objected to the inclusion of an instruction on joint possession, contending that the Government had not advanced such a theory at trial and, therefore, there is no basis for the instruction. ECF No. 73 at 1. At the charging conference held by the Court this afternoon, the Government argued that on cross-examination Defendant highlighted his wife's legal authority over their shared home and belongings. Trial Tr. at 415:22–416:7. The Government contended that, based on the evidence adduced at trial, the jury could reasonably find that both Defendant and his wife possessed the gun and ammunition. *Id.* at 416:8-16. The Court agreed and concluded that the instruction is appropriate. *Id.* at 417:7-11. After the charging conference, Defendant filed a motion for reconsideration. ECF No. 75. Defendant advances the same arguments it presented this morning, ECF No. 73, and at the charging conference.

Defendant's motion is DENIED. It is undisputed that both Defendant and his wife live in the apartment where the ammunition was found. ECF No. 75 at 1. It would not be a stretch for a jury to conclude that they exercised joint possession over the ammunition. *See United States v. Hunley*, 476 F. App'x 897, 899–900 (2d Cir. 2012). Therefore, the instruction on joint possession shall be included in the jury charge.

Objection to Uncalled Witness Instruction

In the parties' joint request to charge, the Government proposed an instruction on the equal availability of uncalled witnesses, to which Defendant objected. ECF No. 42 at 29; *id.* at

29 n.4. Defendant argued, without citation to legal authority, that the language in the proposed instruction is "incorrect[.]" *Id.* at 29 n.4. The Court included the instruction on uncalled witnesses in its draft charge, provided to the parties on February 7, 2023. The Second Circuit has affirmed the use of nearly identical language. *See, e.g.*, *United States v. Dawkins*, 999 F.3d 767, 796 (2d Cir. 2021).

This morning, Defendant objected to the inclusion of the instruction, arguing that jurors must be able to determine the credibility of an absent witness. ECF No. 73 at 2. At the charging conference, the Court concluded that the instruction as proposed is appropriate. Trial Tr. 415:2-4. After the conference, Defendant filed a motion for reconsideration, stating that "none of [the declarant's] statements were made under oath and . . . the jury never had an opportunity to evaluate her demeanor in answering questions." ECF No. 76 at 1.

Defendant's motion is DENIED. The Court's proposed instruction does not undermine Defendant's ability to attack the credibility of the absent witness. Moreover, the absent witness's statements were introduced through video footage, and Defendant used that footage to highlight for the jury the declarant's demeanor, facial expressions, and tone of voice. In Defendant's opening statement, he asked the jury to evaluate the declarant's demeanor in the videos. Trial Tr. 24:16-19. Therefore, the instruction on the availability of uncalled witnesses shall be included in the jury charge.

Government's Promise Not to Overemphasize Domestic Incident

Finally, Defendant requests that the Court advise the Government to not overemphasize the domestic incident that occurred on the day of the search in which the charged ammunition was recovered, on the ground that it will confuse and inflame the passion of the jurors. ECF No. 76 at 2. Relying on the Government's commitment to not overemphasize the domestic incident, ECF No. 77 at 3, the Court DENIES Defendant's motion as moot.

The Clerk of Court is directed to terminate the motions at ECF Nos. 75–76.

SO ORDERED.

Dated: February 8, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge